## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MELVIN E. BLOUGH,

      Plaintiff,

v.                                         Case No: 8:14-cv-115-T-30MAP

ROBERT A. FOSTER, JR., ad THOMAS
P. BARBER, individually and in their
respective official capacities as Judges
within the Thirteenth Judicial Circuit in and
for Hillsborough County, Florida,

      Defendants.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss and Incorporated Request for Judicial Notice (Dkt. #16) and Plaintiff's Motion for Summary Judgment Restricted to Claim of Due Process Violations by Defendants (Dkt. # 17). Upon review and consideration, the Court concludes that it should grant the Motion to Dismiss and deny the Motion for Summary Judgment.

### *Background*

Plaintiff, Melvin E. Blough, *pro se*, sues Defendants Robert A. Foster, Jr. and Thomas P. Barber in their individual capacities and in their official capacities as Circuit Court judges in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Plaintiff initially filed his Verified Complaint for Declaratory Judgment on January 16, 2014, against the Defendants. The Court granted Defendants' Motion for a More Definite

Statement, to which the Plaintiff did not object. In his Amended Complaint, Plaintiff responds to the Motion for a More Definite Statement and the Court's Order, and specifically references certain allegations in the initial Complaint. The Court will treat Plaintiff's Amended Complaint as incorporating by reference his initial Complaint for purposes of deciding this Motion to Dismiss.

Plaintiff is a party in a dissolution of marriage case that is currently pending in state court. Judge Barber was the initial judge presiding over the matter. Judge Barber granted Plaintiff's motion to disqualify him. Subsequently, Judge Foster became the presiding judge over the case. The case is still pending and no final judgment has been entered. Plaintiff asserts that the Defendants refuse to recognize the authority of the Uniform Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408, (the "USFSPA") in their rulings in the dissolution proceedings. Plaintiff asserts that Judge Barber violated his rights when he did not grant Plaintiff's request for an evidentiary hearing on March 12, 2013, even though the Judge later held that hearing on June 10, 2013.

In his Amended Complaint, Plaintiff now asserts that the hearing was a sham proceeding and therefore violated his civil rights. Plaintiff also alleges that Judge Foster has unreasonably withheld ruling on his Motion for Summary Judgment, which has since been ruled upon on February 20, 2014. Plaintiff essentially alleges that both Defendants engaged in willful and malicious conduct "causing judicial abuse under color of state law." The Verified Complaint contains two counts, one for violation of Article VI Section 2 of the Constitution and another for violation of 42 U.S.C. § 1983 ("Section 1983").   Plaintiff requests injunctive relief in the form of a declaratory judgment declaring exactly what

Plaintiff's federal rights are in connection with the USFSPA and outlining the legal duties and obligations of the Defendants in his dissolution of marriage proceedings. Plaintiff does not request any monetary damages.

## Discussion

### I.    Motion to Dismiss Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."   *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c)*; see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of

Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

Although the Court may hold a *pro se* litigant to "a less stringent standard," the *pro se* litigant may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. *Municipal Utilities Bd. of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1501 (11th Cir. 1991).   A *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore*, 996 F. 2d 1155, 1161 (11th Cir. 1993).

On a motion to dismiss, the Court may consider matters judicially noticed. *La Grasta v. First Union Sec. Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). These matters include documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *SFM Holdings. Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

## II.    Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's claims because Plaintiff fails to state a cause of action upon which relief can be granted; the complaint is a shotgun pleading; and the claims are barred by the Defendants' entitlement to immunity. Defendants also request that

the Court take judicial notice of Judge Foster's Order Granting, in Part, and Denying, in part Husband's Motion for Summary Judgment (the "Summary Judgment Order") entered in the dissolution proceedings. Defendants request that the Court judicially notice the Summary Judgment Order for the limited purpose of recognizing the judicial act that the case represents or the subject matter of litigation or both. The Defendants argue that the Court may take judicial notice at any stage of the proceeding, Fed.R.Evid. 201(d), since the order is central to one of Plaintiff's allegations and cannot reasonably be disputed as it is a matter of public record maintained by the Clerk of the Circuit Court for Hillsborough County, Florida. *See id*. at 201(b).   In response, Plaintiff requests that the Court convert Defendants' Motion to Dismiss to a motion for summary judgment if it considers the Summary Judgment Order, since it is not within the four corners of the complaint. The Court concludes that it may properly consider Judge Foster's State Court Order on Plaintiff's Motion for Summary Judgment in his dissolution proceedings attached to the Defendants' Motion to Dismiss.

### a.  Plaintiff's Failure to State a Claim

Although Plaintiff attempted to clarify his claim in the Amended Complaint, and incorporated the detailed allegations in his initial Verified Complaint (hereinafter collectively referred to as the "Complaint"), Plaintiff still fails to state a cause of action. Plaintiff's complaint incorporates various assertions, conclusions, and legal argument regarding alleged violations of his constitutional rights specifically under Article VI Section 2 of the U.S. Constitution which binds state court judges to the authority of the Constitution and federal laws, and Section 1983. The specific factual allegations in the

Complaint do not form a basis for a legally cognizable claim and are therefore due to be dismissed.

### b.  Defendants' Immunity from Suit

A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  *Cottone v. Jenne*, 326 F. 3d 1352, 1357 (11th Cir. 2003). On the face of the complaint it is clear that Plaintiff asserts claims against the Defendants based on alleged acts and omissions taken in the judicial capacity that qualify them for immunity from litigation.

### i.  Judicial Immunity

Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction.  *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage*, 267 Fed. Appx. 836, 839-40 (11th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

This immunity extends to circumstances where judges are "accused of acting maliciously and corruptly" in the exercise of their judicial decision-making power. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction").  It protects judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants."

*Forrester v. White*, 484 U.S. 219, 225 (1988). All of plaintiff's allegations regard the Defendants' actions while acting in a judicial capacity within their jurisdiction, specifically presiding over his dissolution of marriage proceedings. Accordingly, the complaint should be dismissed.

### ii.  Qualified Immunity

Qualified immunity "is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 229 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). The "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Id* at 231-32 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Therefore, the Court should resolve immunity questions at the earliest possible stage in litigation. *Id*.

Qualified immunity protects government officials from suits in their individual capacities in a Section 1983 claim. *See Cottone*, 326 F.3d at 1357. To be entitled to qualified immunity, an official must demonstrate he was acting within the scope of his discretionary authority. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). To overcome this immunity, a plaintiff must show that a reasonable official would understand that the action taken would violate a recognized right. *Pearson*, 555 S. Ct. at 229.

The discretionary authority analysis requires two inquiries: "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job related goal), (b) through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). "In applying each prong of this discretionary function test, we look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Id*. at 1266. "For a constitutional right to be clearly established in a given case, the right contours must be so clear that every objectively reasonable official must understand that what the defendant, in the context of the circumstances of the case, is doing clearly violates the right." *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th Cir. 2003).

Plaintiff's allegations do not show a violation of a clearly established statutory or constitutional right. His allegation that the Defendants refused to recognize or accept the limitations placed on their judicial authority by the USFSPA is insufficient to overcome this immunity. Plaintiff's allegations do not show that either Defendant deprived him of any right under USFSPA. The Amended Complaint shows that Plaintiff did receive notice and opportunities to be heard on his arguments regarding the USFSPA as evidenced by the transcripts attached to the Complaint. *See* Dkt. #1-6 & 1-11. Plaintiff also claims a lack of due process because the Defendants took longer than he would have liked to set hearings or make decisions on various motions, and did not allow him to give or take

testimony at the hearings he did receive.   The transcripts attached to the Complaint show the contrary.

   All of the Defendants alleged actions took place while acting within their discretionary authority as Circuit Court judges acting under the color of state law. The alleged conduct does not violate a clearly established statutory or constitutional right. If Plaintiff is dissatisfied with a ruling f a state court judge, he may file a direct appeal with the state appellate court.   Therefore, Defendants are entitled to qualified immunity, which bars Plaintiff's claims against them in their individual capacity.

### Conclusion

Since the Court concludes that Plaintiff's claims are barred by the Defendants entitlement to immunity, the Court will dismiss the Amended Complaint and deny Defendant's Motion for Summary Judgment as moot. The Court will not permit Plaintiff to amend his complaint since amendment would be futile and subject to dismissal. *Frone v. City of Riverdale*, 521 Fed. Appx. 789, 792 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 910 (U.S. 2014) ("the district court need not allow an amendment where amendment would be futile.") (Internal quotations and citations omitted.)

It is therefore ORDERED AND ADJUDGED that:

1.   Defendants' Motion to Dismiss and Incorporated Request for Judicial Notice (Dkt. #16) is GRANTED.

2.   Plaintiff's Motion for Summary Judgment Restricted to Claim of Due Process Violations by Defendants (Dkt. # 17) is DENIED as moot.

3.   This case is DISMISSED with prejudice.

      4.     The Clerk is directed to close this case and deny any pending motions as moot.

      **DONE** and **ORDERED** in Tampa, Florida, this 5th day of May, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
S:\Odd\2014\14-cv-115 mtd 16 msj 17.docx